<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT COAR, | : | **Hon. Joel A. Pisano** |
| | : | |
| Petitioner, | : | Civil Action No. 06-3506 (JAP) |
| | : | |
| v. | : | |
| | : | |
| NEW JERSEY STATE PAROLE BD., | : | **O P I N I O N** |
| | : | |
| Respondent. | : | |
| | : | |

**APPEARANCES:**

> ROBERT COAR, #121875B
> South Woods State Prison
> 215 Burlington Road South
> Bridgeton, New Jersey  08302
> Petitioner <u>Pro</u> <u>Se</u>

<u>**PISANO**</u>, District Judge

Robert Coar filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging a November 17, 2004, decision of the New Jersey State Parole Board denying release on parole and imposing a 29-month future parole eligibility term.  For the reasons expressed below, the Court will dismiss the Petition without prejudice and deny a certificate of appealability.

## I.  STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements."  <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994).  As the Supreme Court explained in <u>Mayle v. Felix</u>, 125 S. Ct. 2562 (2005),

> Habeas Rule 2(c) . . . provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground.  <u>See also</u> Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts.  [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .  A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted."  § 2243.  Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.

<u>Mayle v. Felix</u>, 125 S. Ct. at 2570.

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  <u>McFarland</u>, 512 U.S. at 856; <u>see also</u> <u>United States v. Thomas</u>, 221 F.3d 430, 437 (3d Cir. 2000); <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985).

## II.  BACKGROUND

On October 1, 1999, after a jury convicted Petitioner of two counts of sexual assault and one count of endangering the welfare of a child, the Superior Court of New Jersey, Law Division, Passaic County, imposed an aggregate 14-year term of incarceration.  <u>State v. Coar</u>, Indictment No. 95-11-1293-I j. of conviction (Law Div. Oct. 1, 1999).

On December 18, 2002, the New Jersey State Parole Board denied parole to Petitioner and imposed a 36-month future eligibility term.  After exhausting his claims before the New Jersey courts, on April 5, 2005, Petitioner executed his First Petition for Writ of Habeas Corpus

under 28 U.S.C. § 2241 ("First § 2241 Petition").  See Coar v. McFarland, Civil No. 05-2260

(RBK) (D.N.J. filed April 28, 2005).  Petitioner's First § 2241 Petition challenged the Parole

Board's December 18, 2002, denial of parole under the Due Process Clause, the Ex Post Facto

Clause, the Double Jeopardy Clause, Petitioner's Fifth Amendment right against self-

incrimination, and his First Amendment right to petition the government for redress of

grievances.  Id.  In addition, Petitioner claimed that the Parole Board violated its own regulations

by failing to decide his administrative appeal within 45 days of filing.  Id.

On June 27, 2005, this Court issued an Order informing Petitioner that a state prisoner

challenging the denial of parole on the ground that his custody violates the Constitution, laws, or

treaties of the United States, must use 28 U.S.C. § 2254.  Id., docket entry #5.  The Order gave

Petitioner three options:  to have his First § 2241 Petition ruled on "as is," to have his First §

2241 Petition recharacterized as a Petition under § 2254, or to withdraw his First § 2241 Petition

without prejudice to filing a § 2254 petition, subject to the statute of limitations.  Id.  The Order

warned Petitioner that, if he elected to have his First § 2241 Petition ruled on "as is," without

recharacterizing it under 28 U.S.C. § 2254, then the Court would enter an order dismissing the

Petition for lack of jurisdiction because his challenge to the denial of parole was not cognizable

under 28 U.S.C. § 2241.  Id.  In a letter filed July 7, 2005, Petitioner elected to recharacterize his

First Petition as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.  Id., docket entry

#8.  This Court ordered the government to file an answer and the state court record.  Id., docket

entry #9.  In an Opinion and Order filed June 30, 2006, District Judge Robert B. Kugler

dismissed the Petition on the merits with prejudice.  Id., docket entry ##15, 16.

3

On July 22, 2006, Petitioner signed the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, which is now before this Court ("Second § 2241 Petition").  In his Second § 2241 Petition, Petitioner challenges a November 17, 2004, decision of the New Jersey State Parole Board denying parole and imposing a 29-month future eligibility term.[1]  Petitioner challenges the Parole Board's November 17, 2004, decision under the Due Process Clause, the Ex post Facto Clause, the Equal Protection Clause, the Fifth Amendment right against self-incrimination, the Fifth Amendment Double Jeopardy Clause, the Sixth Amendment right to an impartial jury, and the Petition Clause of the First Amendment.  In addition, Petitioner claims that the Parole Board disregarded its own regulations by failing to decide his appeal within 45 days.  In his Second § 2241 Petition, Petitioner seeks a Writ of Habeas Corpus under 28 U.S.C. § 2241 immediately releasing him.

### III.  DISCUSSION

#### A.  Jurisdiction Under § 2241

A district court has jurisdiction to entertain a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) where a person "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Section 2254(a) provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

---

[1] The First § 2241 Petition challenged the December 18, 2002, decision of the Parole Board denying parole and imposing a 29-month future eligibility term.  See, supra at p. 3.

4

While sections 2241 and 2254 both authorize a state prisoner to challenge the legality of his custody, "a general provision should not be applied when doing so would undermine limitations created by a more specific provision."  Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001) (citation and internal quotation marks omitted).  Under this principle, a state prisoner's challenge to denial of parole must be brought under § 2254, rather than § 2241, because he is in custody pursuant to the judgment of a State court.  See Coady, 251 F.3d at 485.  A state prisoner may not challenge denial of parole under 28 U.S.C. § 2241 unless he establishes that 28 U.S.C. § 2254 is inadequate or ineffective to test the legality of his detention.  See Swain v. Pressley, 430 U.S. 372 (1977); cf. In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

This is the second time that Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging a decision of the New Jersey State Parole Board denying parole. Because Petitioner's challenge to the denial of parole is not cognizable under 28 U.S.C. § 2241, see Coady, 251 F.3d at 485, this Court will dismiss the Petition without prejudice to the filing of a petition under 28 U.S.C. § 2254, subject to the statute of limitations.

B.  Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition without prejudice and denies a certificate of appealability.


/s/ Joel A. Pisano
**JOEL A. PISANO, U.S.D.J.**


DATED:  August 9, 2006

6